IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD CALDARONE,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CALDARONE, DAVE STRACHMAN, AND GEORGE CAPELLO,<br><br>Defendants. | Case No. 20-cv-00472-DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |

On November 19, 2020, Plaintiff Richard Caldarone filed a motion asking for the recusal of the undersigned because the Court has issued decisions unfavorable to him. Dkt. No. 8. For the reasons discussed below, Caldarone's motion for recusal is DENIED.

Caldarone appears to bring his motion for recusal, Dkt. No. 8, under 28 U.S.C. § 455(a),[1] which provides, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality

---

[1] Recusal may also be sought under 28 U.S.C. § 144. But Caldarone's motion will not be considered under Section 144 because it was not accompanied by an affidavit stating the "facts and reasons" that "the judge before whom the matter is pending has a personal bias or prejudice." *Id.* Though Caldarone titles his motion, "Affidavit" and refers to it as an "affidavit/declaration," Dkt. No. 1 at 1–2, that does not make it so. Because the same was not dated nor sworn under penalty of perjury, it does not operate as an affidavit. *See* 28 U.S.C. § 1746.

might reasonably be questioned." When a motion to recuse is brought under Section 455(a), "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

Caldarone's sole argument for why recusal is proper is that the undersigned has issued decisions unfavorable to him. Dkt. No. 8. Specifically, Caldarone notes a 2014 decision in a different case in which the undersigned dismissed Caldarone's complaint for lack of subject matter jurisdiction, *see Caldarone v. Otting*, Civil No. 13-00516-DKW-BMK, Dkt. No. 89 (D. Haw. Sept. 22, 2014), and the Court's decision in this case to deny his motion to stay proceedings in a Rhode Island probate court. *Id.* at 1; *see also* Dkt. No. 7. But an unfavorable judicial decision (or several) is not by itself proper grounds for recusal under Section 455(a). *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) ("[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)) (internal quotation marks omitted)).

Recusal due to unfavorable decisions is especially inappropriate here where the decisions Caldarone claims demonstrate bias were both based on federal jurisdiction. *See Caldarone v. Otting*, 616 Fed. Appx. 368 (9th Cir. 2015) (affirming dismissal of plaintiff's claims for lack of subject matter jurisdiction); 28 U.S.C. § 2283 (prohibiting a federal court from staying state court proceedings

except in limited circumstances).  In other words, both of those decisions were *compelled* by federal jurisdictional law; they were not discretionary decisions which may, in some circumstances, be probed for motive.

As Caldarone has failed to present any other reason why the Court's impartiality may "reasonably be questioned," his motion for recusal, Dkt. No. 8, is DENIED.

IT IS SO ORDERED.

DATED:   November 24, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Richard Caldarone v. Ronald Caldarone, Dave Strachman, and George Capello*, Civil No. 20-00472-DKW-KJM; **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL.**