IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| RICHARD CALDARONE,<br><br>Plaintiff,<br><br>v.<br><br>RONALD CALDARONE, DAVE STRACHMAN, AND GEORGE CAPELLO,<br><br>Defendants. | Case No. 20-cv-00472-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT GEORGE CAPPELLO'S MOTION TO DISMISS** |

Before the Court is Defendant George Cappello's motion to dismiss Claim III of the complaint. Dkt. No. 21. Because judicial immunity bars Claim III, Cappello's motion to dismiss is GRANTED.

## RELEVANT BACKGROUND

On November 3, 2020, Plaintiff Richard Caldarone ("Caldarone") initiated this action. Dkt. No. 1. Caldarone's claims concern a probate proceeding in Rhode Island involving the settlement of Caldarone's parents' estates and over which Judge George Cappello presides. *Id.* at 2–6. Caldarone's issues with the probate proceeding are varied—he appears to oppose everything from his brother Ronald's alleged misappropriation of their parents' assets, to the very notion of having to litigate in a probate court some 5,000 miles away, to Judge Cappello's

alleged refusal to schedule hearings at a time convenient to Caldarone, given the

significant time difference between Hawaiʻi and Rhode Island.   *Id.*

On February 17, 2021, Cappello brought a motion to dismiss Claim III of

the complaint, the only claim against him.[1]   Dkt. No. 21.   Cappello argues the

Court lacks personal jurisdiction over him and subject matter jurisdiction over the

claim.   Dkt. No. 21-3 at 1, 8–17.   Further, he argues Caldarone fails to state a

claim upon which relief may be granted because he is entitled to judicial immunity.

*Id.* at 1–8.   Caldarone did not respond to the motion.   Instead, on the date his

---

[1]Count III reads as follows:

> Judge George M. Capello has refused to change the Time for a 'Video/Zoom
> conference from 3 AM to 9 AM Hawaii time. Capello was informed of the 6-hour
> difference and that he could begin the conference at 3 PM his time and therefore 9
> AM Hawaii time for Richard W. Caldarone.   The First attempt was later changed
> to a 'Phone Conference' but was 'Cancelled' due to improper paperwork. The 2"^*
> attempt is to be held on Nov. 12 still at 3 AM Hawaii time for a Video/Zoom
> conference. The Probate Court was informed that Richard isn't set up for a
> 'Video/Zoom!' As of this date, Judge George M. Cappello hasn't changed the
> method or the time. Judge George M. Capello has also refused to call Richard W.
> Caldarone who is listed as the 'Beneficiary' of the Citizen's Bank Account.
> Probate Court was contacted for that request via email. The email is available
> upon request. Richard W. Caldarone is therefore Filing a Motion for an injunction
> prohibiting the Probate Court from continuing its Case.   For the First attempt the
> Probate Court agreed to switch from a Video/Zoom to a Phone conference. Now.
> It's back to a Video/Zoom at 3 AM Hawaii Time.   Is Cappello confused?   Judge
> George M. Cappello has also refused to Dismiss the Case even after the Probate
> Court informed that the Law Firm of McIntvre-Tate has Defaulted Twice for Two
> Affidavits. Emails and phone calls were made to the Probate Court.   Richard W.
> Caldarone has 'NEVER CONDONED OR CONSENTED' to the actions of
> Ronald L. Caldarone to participate in any Video or Phone conference!   Or for
> that matter to be a part of any Probate Court proceeding.

Dkt. No. 1 at 5–6.   The Court has corrected misspellings and added punctuation for
clarity.

response was due, Caldarone filed a motion for an extension, alleging an inability

to comply with the motion to dismiss briefing schedule due primarily to his health

condition.   Dkt. No. 24.   This order follows.

## LEGAL STANDARD

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state

a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   Rule

12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ.

P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions."   *Id.*

Accordingly, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."   *Id*. (citing *Twombly*,

550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."   *Id*. (citing *Twombly*, 550 U.S.

at 556).   Factual allegations that only permit the court to infer "the mere

possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).   *Id*. at 679.

## DISCUSSION

"It is well established that state judges are entitled to absolute immunity for their judicial acts."   *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)).   "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."   *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *accord In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004) (instructing courts to consider "whether (1) the act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." (citations omitted)).

There is no doubt that the conduct complained of here was judicial in nature. Caldarone's sole claim against Cappello is that Cappello has not been sufficiently accommodating, given the time difference between Rhode Island and Hawaiʻi, in scheduling probate court hearings.   Dkt. No. 1 at 5–6.   Clearly, Caldarone "dealt with [Cappello] in his judicial capacity" related to a "case then pending before the

4

Court" in working out the logistics of remote attendance of the probate court hearings.  *See Stump*, 435 U.S. at 362; *In re Complaint of Judicial Misconduct*, 366 F.3d at 965.   Moreover, scheduling hearings is inherent in a court's power to manage its own docket and, as such, is clearly a "normal judicial function."  *In re Complaint of Judicial Misconduct*, 366 F.3d at 965.

Because the complained of conduct—*i.e.*, scheduling a hearing in a case then before him—was clearly judicial in nature, Cappello is entitled to absolute judicial immunity.   Accordingly, a claim for relief related to that conduct fails as a matter of law.   *See Swift*, 384 F.3d at 1188.

As an independent and sufficient grounds for dismissal, the Court finds that Caldarone has also failed to meet his burden of demonstrating this Court has personal jurisdiction over Cappello.   *See* Dkt. No. 21 at 12-17; *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)).

//

//

//

//

## CONCLUSION

Caldarone's motion for an extension of time to respond to the motion to dismiss, Dkt. No. 24, is DENIED.[2]

For the reasons set forth herein, Cappello's motion to dismiss, Dkt. No. 21, is GRANTED.   All claims against Cappello are HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:   March 8, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Richard Caldarone v. Ronald Caldarone, et al.*, Civil No. 20-00472-DKW-KJM;
**ORDER GRANTING DEFENDANT CAPPELLO'S MOTION TO DISMISS**

---

[2]The brief letter from Dr. Masters that Caldarone attached to his extension request does not support the requested extension.   Similarly, no extension is warranted based on Caldarone's assertion that his search for counsel continues.   That supposed effort does not contain any details, particularly with respect to timing, and the Court notes that this action has been pending for more than four months.   There is no reason to keep a judicially immune party in this action even one day longer.