IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD CALDARONE,<br><br>      Plaintiff,<br><br>   v.<br><br>RONALD CALDARONE, DAVE STRACHMAN, AND GEORGE CAPELLO,<br><br>      Defendants. | Case No. 20-cv-00472-DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S AS-CONSTRUED MOTION FOR RECONSIDERATION (DKT. NO. 32) OF DISMISSAL OF DEFENDANT JUDGE CAPELLO** |

On April 16, 2021, Plaintiff Richard Caldarone ("Caldarone") filed an "Order to Show Cause," in which he appears, in part, to seek reconsideration of this Court's March 8, 2021 order dismissing all claims against Defendant and Rhode Island state court judge George Capello.   *See* Dkt. No. 32 at 2–5; *see also* Dkt. No. 27 (dismissal order).   Because Caldarone's as-construed motion for reconsideration is untimely, and because nothing he argues or cites, in any event, abrogates the judicial immunity to which Judge Capello is entitled, Caldarone's motion for reconsideration is DENIED.

## RELEVANT BACKGROUND

The Court issued an order dismissing all claims against Defendant and Rhode Island state court judge George Capello on March 8, 2021.   Capello is apparently the jurist assigned to probate and/or family court proceedings in which Caldarone is embroiled.[1]   Since then, Magistrate Judge Mansfield issued an Order to Show Cause requiring Caldarone to explain "why his claims against the remaining defendants . . . should not be dismissed" in light of Caldarone's failure to appear at various scheduling conferences and failure to file a scheduling conference statement.   Dkt. No. 31.   In a submission filed on April 16, 2021, Caldarone appears to not only address his claims against the remaining defendants, Dave Strachman and Ronald Caldarone, as directed by the Magistrate Judge, but also to argue that this Court's decision dismissing his claims against Judge Capello was erroneous.   Dkt. No. 32.   This Court construes the April 16 arguments concerning Capello as a motion for reconsideration, and this order addresses only that portion of Caldarone's April 16, 2021 filing.

---

[1]For the factual and procedural background leading to the Court's March 8, 2021 dismissal order, see Dkt. No. 27 at 1–3.

## LEGAL STANDARD

Because no final judgment has been entered in this case, with claims against two defendants still remaining, Caldarone seeks reconsideration of an interlocutory order.   Pursuant to Local Rule 60.1:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)   Discovery of new material facts not previously available;
> (b)   Intervening change in law; and/or
> (c)   Manifest error of law or fact.

Motions brought pursuant to LR60.1(c) above "must be filed and served within fourteen (14) days after the court's order is issued."   Local Rule 60.1.

## DISCUSSION

Caldarone's motion argues that this Court erred by relying on the doctrine of judicial immunity in dismissing his claims against Capello, a Rhode Island probate court judge.   Dkt. No. 32 at 2–5.   Therefore, he brings his motion under Local Rule 60.1(c), arguing this Court committed a "[m]anifest error of law or fact." Accordingly, he had fourteen days to ask this Court to reconsider its decision. Local Rule 60.1.   He failed to meet this deadline, filing his motion for reconsideration more than a month after the Court issued an order dismissing his claims against Capello and offering no reason for the delay.   *See* Dkt. No. 27 (order entered on March 8, 2021); Dkt. No. 32 (motion filed on April 16, 2021). For this reason alone, his motion is DENIED.

Even if he had filed a timely motion for reconsideration, his motion would nonetheless be denied on the merits because it fails to argue or cite any law or fact demanding a different outcome.   Caldarone claims Capello:

1.   Refused to dismiss from a Rhode Island probate court a case settling Caldarone's parents' estates, despite the fact that, in Caldarone's view, their wills called for settlement of the estates outside of such a court;

2.   Refused to appoint Caldarone as an executor of his parents' estates;

3.   Refused to provide Caldarone with "fiduciary paperwork" about his parents' estates that his brother, Ronald Caldarone, was provided; and

4.   Refused to change a video hearing time to accommodate the time difference between Rhode Island and Hawaiʻi.

Dkt. No. 32 at 3–4.   Caldarone's principal argument is that by holding that Capello cannot be held liable for these judicial acts—that is, the normal acts of a judge occurring during the course of litigation over which that judge presided— this Court erred.   *Id.* at 2–5.   But Caldarone cites no principal of law nor case nor anything else to support this conclusion.

As the Court explained:

"It is well established that state judges are entitled to absolute immunity for their judicial acts."   *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)).   "[W]hether an act by a judge is a 'judicial' one relate[s] to

the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."   *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *accord In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004) (instructing courts to consider "whether (1) the act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." (citations omitted)).

Dkt. No. 27 at 4.   It is clear to the Court that Capello's alleged misconduct—denying dismissal of the case, selecting an executor and, in effect, who has access to certain records, and designating a hearing time—fall squarely within the realm of "judicial acts."   It is only when a judge acts outside the province of presiding over a case that civil liability is potentially implicated.   It is obvious that, based on Caldarone's allegations against Capello, that is not the case here.

Ultimately, Caldarone is expressing his frustration with *judicial* decisions and acts within a judge's discretion.   The remedy for that is not civil liability, but, rather, appellate review.   In presiding over a case, where a trial (or probate) court errs to the disadvantage of a litigant, the litigant may (in most cases) appeal that court's decision at the conclusion of the litigation.   Without expressing any opinion on Judge Capello's decisions, asking *this* Court to correct what Caldarone believes are incorrect judicial decisions and abuses of discretion by a Rhode Island probate court judge is simply the wrong path to obtain the relief he seeks.

## <u>CONCLUSION</u>

For the reasons set forth herein, Caldarone's as-construed motion to reconsider, Dkt. No. 32, is DENIED.   All claims against Capello remain DISMISSED.

IT IS SO ORDERED.

DATED:   April 20, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Richard Caldarone v. Ronald Caldarone, et al.*, Civil No. 20-00472-DKW-KJM;
**ORDER DENYING PLAINTIFF'S AS-CONSTRUED MOTION FOR RECONSIDERATION (DKT. NO. 32) OF DISMISSAL OF DEFENDANT JUDGE CAPELLO.**