IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICHARD W. CALDARONE,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD L. CALDARONE, DAVE STRACHMAN,<br><br>Defendants. | Case No. 20-cv-00472-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT RONALD CALDARONE'S MOTION TO DISMISS (Dkt. No. 43) AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT AND RECONSIDERATION (Dkt. Nos. 41, 47)** |

Before the Court are three motions: (1) Plaintiff Richard Caldarone's third request that the Court reconsider its order dismissing his claim against Defendant George Capello; (2) Plaintiff's motion for entry of default against Defendant Ronald Caldarone; and (3) Defendant Ronald Caldarone's motion to dismiss the claim against him. Richard's motions for reconsideration and entry of default are DENIED—the former for the same reasons articulated in the Court's order dismissing the claim against Defendant Capello, Dkt. No. 27, and in the order denying Richard's first request that the Court reconsider that decision, Dkt. No. 33; the latter because Ronald Caldarone has now appeared, rendering the default motion moot. Further, because Richard has not met his burden to demonstrate this Court's personal jurisdiction over his brother, Ronald Caldarone, Ronald's motion to dismiss is GRANTED.

1

## RELEVANT BACKGROUND

This case arises from the death of Richard and Ronald's parents in Rhode Island and the state probate proceedings to settle their parents' estates. Dkt. No. 1 at 2–4. Richard generally alleges that Ronald abused, stole from, and exercised undue influence over their parents and has misappropriated their parents' property. *Id.* at 3–4. Moreover, Ronald has proceeded as the sole executor of their parents' estates, despite what Richard claims is clear testamentary evidence leaving that job to both brothers. *Id.* at 2.

On May 17, 2021, Richard moved for entry of default against his brother Ronald for failure to appear. Dkt. No. 41. Shortly thereafter, Ronald did appear, filing on May 27, 2021 a motion to dismiss Count I of the complaint, the only Count against him. Dkt. No. 43. Ronald generally argues that because he and the other Defendants reside in Rhode Island, all of the alleged misconduct occurred in Rhode Island, and Ronald has not directed any activity toward Hawaiʻi, this forum does not have personal jurisdiction over him. *Id.* at 5–9.

The Court set August 13, 2021 to hear argument on the motion. Dkt. No. 44. Accordingly, Richard had until July 23, 2021 to respond to the motion. *See* LR 7.2 (requiring "[a]n opposition to a motion set for hearing" to be "filed at least twenty-one (21) days prior to the date of the hearing"). On July 27, 2021, the Court vacated the hearing and, at Richard's request, Dkt. No. 53, gave him an

additional two weeks to respond to Ronald's motion to dismiss. Dkt. No. 54. Thereafter, Richard moved the Court twice to stay proceedings on Ronald's motion to dismiss. Dkt. Nos. 56, 60. Both requests were denied. Dkt. Nos. 59, 62. The Court communicated to Richard twice that he was to respond to Ronald's motion by August 11, 2021. Dkt. No. 54; Dkt. No. 57 at 3. No response was filed by that date or thereafter. While Richard has failed to respond to the motion, he has asked the Court, for the third time, to reconsider its order dismissing his claim against Defendant George Capello, a Rhode Island state court judge. Dkt. No. 47.

## LEGAL STANDARDS

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). To establish personal jurisdiction, a plaintiff "need only make a prima facie showing of jurisdictional facts to withstand dismissal." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020). However, this standard is not "toothless." *Id.* A plaintiff must provide more than "bare allegations" to support finding personal jurisdiction over a defendant. *Id.* (citing *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *See, e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 125

(2014) (citing Fed. R. Civ. P. 4(k)(1)(A)); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To that end, Hawaiʻi's long-arm statute authorizes its courts to exercise personal jurisdiction "to the extent permitted" by the United States Constitution. *See Cowan v. First Ins. Co.*, 608 P.2d 394, 399 (Haw. 1980) (citing HAW. REV. STAT. § 634-35); *accord In re Complaint of Damodar Bulk Carriers, Ltd.*, 903 F.2d 675, 679 (9th Cir. 1990). Therefore, the Court must decide whether exercising jurisdiction over Ronald "comports with the limits imposed by federal due process." *Daimler*, 571 U.S. at 125.

"[T]o determine whether a nonresident defendant has such 'minimum contacts' with the forum to warrant the court's exercise of specific jurisdiction,[1] the following requirements must be met:

1. the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;

2. the claim must be one which arises out of or relates to the defendant's forum-related activities; and

---

[1] Because there is no evidence that Ronald's contacts with the forum "are so continuous and systematic as to render [him] essentially at home" in Hawaiʻi, further analysis is not needed for the Court to conclude it does not have general jurisdiction over Ronald. *See Daimler*, 517 U.S. at 127 (citation and internal quotation marks omitted).

      3.      the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable."

*Wanat*, 970 F.3d at 1208 (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks omitted)). "If any of the three requirements are not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The plaintiff bears the burden of satisfying the first two prongs. *Wanat*, 970 F.3d at 1208 (citing *Axiom*, 874 F.3d at 1068).

Under the first prong, because Richard's claims "sound in tort," the Court applies the "purposeful direction analysis and ask[s] whether [Ronald] has purposefully directed activities" at the forum. *Id.* (citations omitted). Where the allegedly tortious activity occurred outside the forum but had an effect in the forum, the Court applies an "effects test" based on *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix*, 647 F.3d 1228–29. This test requires showing: (1) the defendant committed an intentional act; (2) the act was aimed at the forum state; and (3) the act caused harm the defendant knew would be likely in the forum state. *Wanat*, 970 F.3d at 1209 (citing *Mavrix*, 647 F.3d at 1228).

## **DISCUSSION**

Virtually no evidence or even allegations support this Court's jurisdiction over Ronald in this case. All of Ronald's allegedly unlawful conduct occurred in Rhode Island. *See* Dkt. No. 1 at 2–5. That is where Ronald is alleged to have physically abused and exercised undue influence over his parents, stolen their property, and initiated probate proceedings, in which Richard has apparently participated. *Id.* Ronald is certainly not alleged to have "purposefully direct[ed]" any activity toward the forum (*i.e.*, Hawaiʻi), and Richard's claims against him do not "arise out of" Ronald's "forum-related activities." *See Wanat*, 970 F.3d at 1208. Thus, Richard has failed to meet his burden to demonstrate this Court's personal jurisdiction over his brother, Ronald. *See id.*

Moreover, the Court agrees with Ronald, *see* Dkt. No. 43 at 8–9, that exercising jurisdiction over him would not comport with concepts of "fair play and substantial justice" because doing so would be patently unreasonable. In determining whether the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," the Court considers several factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the

> plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002) (citing *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126 (9th Cir. 1995)).

Just one factor favors Richard: it would undoubtedly be more convenient for him to litigate in Hawaiʻi because that is where he resides. Dkt. No. 1 at 1 (listing his address as Kailua-Kona, Hawaiʻi). But this factor is far outweighed by the others: (1) Ronald has not injected himself into Hawaiʻi affairs; (2) the burden on Ronald litigating in Hawaiʻi is significant; (3) Rhode Island has a significant interest in adjudicating the dispute; (4) Hawaiʻi conversely has no evident interest in adjudicating the dispute; and (5) Rhode Island would be the most efficient forum. Again, all alleged acts occurred in Rhode Island and, presumably then, that is where most, if not all, of the evidence is located. That is also where their parents passed away and where their parents' estates are located. *Id.*; *see also* Dkt. No. 43 at 8. Rhode Island has a significant interest in adjudicating a dispute over property and alleged torts committed within it. And as Ronald points out, Dkt. No. 43 at 8, requiring all witnesses and evidence to be flown to Hawaiʻi would be inefficient when Rhode Island is an available forum.

In sum, the Court finds that even if Richard had met his burden to demonstrate Ronald had sufficient minimum contacts with the forum—he has

7

not—the Court would still find it lacked jurisdiction because finding otherwise would be inconsistent with concepts of fair play and substantial justice.

## CONCLUSION

For the reasons set forth herein, Ronald Caldarone's motion to dismiss, Dkt. No. 43, is GRANTED.  Because Ronald Caldarone has now made an appearance and the claim against him is dismissed, Richard Caldarone's motion for entry of default against Ronald, Dkt. No. 41, is DENIED as moot.

Richard also petitioned the Court, for the third time, to reconsider its order dismissing all claims against Defendant George Capello.  Dkt. No. 47; *see also* Dkt. Nos. 32, 37 (first and second motions for reconsideration).  As that motion presents no new facts or arguments, it is DENIED for the same reasons detailed in the Court's initial order and its order denying Richard's first motion for reconsideration.  *See* Dkt. Nos. 27, 33.

IT IS SO ORDERED.

Dated: August 13, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Richard W. Caldarone v. Ronald L. Caldarone, Dave Strachman*, Civil No. 20-00472-DKW-KJM; **ORDER GRANTING DEFENDANT RONALD CALDARONE'S MOTION TO DISMISS (Dkt. No. 43) AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT AND RECONSIDERATION (Dkt. Nos. 41, 47)**